the evidence here; you consider and deliberate upon the case precisely as if it never had been in court before, and look upon the evidence and exercise your own judgment in regard to every question that arises in the case. The credit of a witness is always in the hands of the jury. You are the ones to say what evidence you believe to be truthful and what evidence you believe to be untruthful; and you are to give weight to the evidence that you believe to be true, and discard the evidence that you believe to be false.

Under these instructions you will take this case and render such a verdict as you believe the evidence warrants.

The jury rendered a verdict for plaintiff of "two hundred seventy-five dollars and forty-two cents." No appeal.

---

## SUPREME COURT.

THE PEOPLE *ex rel.* MARY ANN JACKSON agt. DAVID McADAM, justice, &c.

*Summary proceedings commenced before one justice — How continued before another — Code of Civil Procedure, sections 26, 52 and 53.*

Summary proceedings under the statutes to recover the possession of lands, &c., commenced before one marine court justice may be continued before another by consent of the parties.

*Special Term, October* 5, 1880.

S. C. WELCH, as landlord, commenced summary proceedings under the statute, before chief justice SHEA of the New York marine court, to dispossess Mary Ann Jackson, as an overholding tenant, from the premises 2128 Third avenue. The proceedings, after several adjournments, were, by the written consent of the parties, continued before Mr. justice McADAM, who tried the proceeding and finally filed an opinion ordering judgment for the landlord.

VOL. LIX    59

Mrs. Jackson thereupon obtained from the supreme court an alternative writ of prohibition enjoining judge McAdam from issuing a warrant or proceeding further in the matter, upon the ground that he had no power to continue the proceeding.

The hearing was had upon the motion to make the writ absolute.

*Geo. P. Avery* and *O. J. Hockstader,* for relator, claimed that consent did not confer jurisdiction, and cited *Benjamin* agt. *Benjamin* (5 *N. Y.*, 383).

*D. M. Helm,* for S. C. Welch, landlord.

*David McAdam,* the justice, in person, cited sections 26, 52 and 53 of the Code of Civil Procedure (applicable to the marine court as a court of record), permitting any special proceeding instituted before one justice of the court to be continued before any other justice thereof, and also cited *McGregor* agt. *Comstock* (16 *Barb.,* at *p.* 427) and *Dresser* agt. *Van Pelt* (15 *How. Pr.*, 19), and contended that all questions as to jurisdiction was put at rest by the written consent of the parties; that having jurisdiction of the subject matter, consent gave him jurisdiction over the parties, citing *Cowen's Treatise* [*Kingsley's* 5*th ed.*], *sec.* 20 ; *McCormick* agt. *The Pennsylvania Central Railroad Company* (49 *N. Y.*, 303). He claimed that the case of *Benjamin* agt. *Benjamin* (5 *N. Y.*, 383) was inapplicable because the statute in force at that time provided that if the tenant filed a counter affidavit, the matters controverted "*must be tried by a jury*" (2 *R. S.* [2*d ed.*], *p.* 423, *sec.* 34). In other words, that the justice should not try the issue. The matters were controverted and the justice, in that case, instead of trying the issues by a jury as required by statute, tried them himself. The court, therefore, held that he had no powers and that as the statute did not give him jurisdiction, consent could not confer it. Whereas,

under the present statute, justice McAdam was authorized to try this or any other summary proceeding without the aid of a jury, and that the distinction between the two cases was, therefore, marked and apparent. The conduct of the relator's counsel in signing a stipulation which they intended to be binding only in case the justice decided in favor of their client was condemned, as not only trifling with a confiding adversary but with the court itself.

Lawrence, J. — I am of opinion that this writ ought to be dismissed, and I refer to the points presented by the learned justice of the marine court with approval.

Writ dismissed.

## N. Y. MARINE COURT.

### Solomon Teschner agt. John Deveron.

*Replevin — Chattels — how reclaimed by defendant — Code of Civil Procedure, sections 1704–1706.*

Where a defendant desires to reclaim chattels replevied he must serve upon the sheriff written notice that he requires the return thereof; and he must file an affidavit that he is the owner of the property, or that he is lawfully entitled to the possession thereof.

These conditions are *mandatory,* and the failure of a defendant to comply with them renders his counter-bond nugatory.

*Special Term, September,* 1880.

McAdam, J. — A defendant who desires to reclaim chattels replevied must serve upon the sheriff written notice that he requires the return thereof, and must file an affidavit either that he is the owner of the property, or that he is lawfully entitled to the possession thereof, in the form prescribed by section 1704 of the Code of Civil Procedure. These conditions are mandatory, and the failure of the defendant to comply with them renders his counter-bond nugatory. The plaintiff is, therefore, entitled to possession of the chattel